**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SHANAE BRITT, *individually*, and
NICHOLAS STOGDEN SR.,
*individually*, *next friend*,
N.S., L.S. AND J.S.,

Plaintiffs,

v. No. 2:26-cv-0666 KWR/DLM

CHRISTOPHER BURRELL, *an individual*,
CONNECT TRANSPORT, LLC, *a foreign limited liability company*, and DOES 1-10,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Unopposed Motion for Service by Publication filed by Plaintiffs Shanae Britt, Nicholas Stogden Sr., N.S., L.S., and J.S. (Doc. 21.) Plaintiffs seek authorization to serve Defendant Christopher Burrell by publication. (*See id.*) Having considered the motion and the relevant authority, the Court finds the motion should be **DENIED**.

## I. Background

This action arises from a motor vehicle collision that occurred on March 24, 2026, involving Plaintiffs and Defendant Burrell. (*See* Doc. 1 at 8.) On December 29, 2025, Plaintiffs filed their Complaint in state court, asserting claims against Burrell and his employer, Defendant Connect Transport, LLC. (*See id.* at 6.) Connect Transport removed the case to this Court on March 5, 2026. (*Id.* at 5.) To date, Burrell has not yet been served.

Plaintiffs first attempted personal service at the Phoenix, Arizona apartment address Burrell provided to law enforcement and listed on his commercial driver's license. (*See* Doc. 21 ¶¶ 2–4.) A process server visited the location, but both the resident of the apartment and the

property manager denied any knowledge of Burrell. (*Id.* ¶ 4.) Plaintiffs next attempted service at a Chandler, Arizona address associated with Burrell. (*Id.* ¶ 5.) A different process server spoke with the resident, who denied that Burrell lived there but acknowledged knowing him and stated that Burrell received mail at the address. (*Id.* ¶¶ 6–7.) Plaintiffs then conducted a skip-trace search, which did not reveal any additional addresses. (*Id.* ¶ 8.)

Plaintiffs now seek leave to serve Burrell by publication in the *Arizona Central*, a newspaper of general circulation in Maricopa County, where Burrell is believed to reside. (*Id.* ¶¶ 12–13.) Defendant Connect Transport does not oppose the motion. (*Id.* ¶ 14.)

## II. Legal Standards

Rule 4 of the Federal Rules of Civil Procedure allows for service on an individual in accordance with state law where the district is located. Fed. R. Civ. P. 4(e)(1). New Mexico Rule 1-004(F) sets out a sequential framework for serving an individual defendant.

First, a plaintiff may attempt personal service or service by mail or commercial courier service. NMRA 1-004(F)(1). If those methods are unsuccessful, the plaintiff may serve the defendant "by delivering a copy of the process to some person residing at the usual place of abode" and mailing a copy by first-class mail to the defendant's last known mailing address. NMRA 1-004(F)(2). If service cannot be accomplished under both subparagraphs (1) and (2) of NMRA 1-004(F), the plaintiff may attempt service at the defendant's actual place of business or employment, which requires delivery to the person apparently in charge and mailing copies to both the defendant's last known mailing address and the defendant's actual place of business or employment. NMRA 1-004(F)(3).

If those efforts are unsuccessful, a plaintiff may seek service by publication. *See* NMRA 1-004(J)–(K). A motion for publication must be supported by an affidavit demonstrating that service

"cannot reasonably be made" through the methods outlined in Rule 1-004(F), and the movant must attach the proposed notice to be published. NMRA 1-004(J)–(K).

Service by publication is generally confined to *in rem* or *quasi in rem* proceedings. *Pena v. Vasquez*, No. 2:24-cv-0960 GJF/GBW, 2025 WL 1314246, at *1 (D.N.M. Apr. 25, 2025). However, New Mexico courts have recognized an exception in *in personam* cases where "the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Id.* (quoting *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979)).

## III. Analysis

Plaintiffs' motion and supporting exhibits show they have made multiple efforts to locate and serve Defendant Burrell in accordance with NMRA 1-004(F)(1)(a). Plaintiffs attempted personal service at the Phoenix, Arizona apartment address Burrell provided to law enforcement and listed on his commercial driver's license. (Doc. 21 ¶¶ 2–4.) The resident and property manager denied any knowledge of Burrell. (*Id.* ¶ 4 & at 5.) Plaintiffs next attempted service at a Chandler, Arizona address associated with Burrell, where the resident denied that Burrell lived there but acknowledged knowing him and stated that Burrell received mail at the location. (*Id.* ¶¶ 5–7 & at 6.) Plaintiffs then conducted a skip-trace search, which did not reveal any additional addresses. (*See id.* ¶ 8.)

However, the record does not show that Plaintiffs attempted service by mail or commercial courier as permitted under Rule 1-004(F)(1)(b), nor does it reflect any attempt at abode service coupled with first-class mailing as required by Rule 1-004(F)(2). Likewise, Plaintiffs have not attempted service at Burrell's actual place of business or employment, accompanied by the dual mailings required under Rule 1-004(F)(3).[1] Because Plaintiffs have not exhausted the sequential methods of service set

[1] The Complaint alleges that Burrell was employed by Connect Transport at the time of the collision. (*See* Doc. 1 at 3.) Neither the Complaint nor the present motion indicates that Burrell is no longer employed with Connect Transport, and Plaintiffs do not address whether service at Burrell's place of employment was attempted or is unavailable.

forth in NMRA 1-004(F)(1)–(3), the Court cannot conclude that service "cannot reasonably be made" under Rule 1-004(F). *See* NMRA 1-004(J). Accordingly, Plaintiffs have not yet met the prerequisites for alternative service, including service by publication under Rule 1-004(K).

In addition, any renewed motion for service by publication must address New Mexico's general limitation on the use of that method in *in personam* actions. Service by publication is ordinarily reserved for *in rem* or *quasi in rem* proceedings, and New Mexico courts permit its use in an *in personam* action only where the defendant, aware that civil action may be instituted, has concealed himself to avoid service of process. *See Clark*, 593 P.2d at 1076. Recent decisions in this district reaffirm that principle. In *Pena v. Vasquez*, the court found that where a plaintiff seeks monetary damages, the action is *in personam* and the concealment requirement applies; absent factual allegations of concealment, service by publication is improper. *See Pena*, 2025 WL 1314246, at *1. Likewise, in *Aaro v. Tri Star Freight System, Inc.*, the court held that although the plaintiff had exhausted the procedural steps under NMRA 1-004(F), service by publication was still unavailable on that record because the plaintiff had not demonstrated that the defendant was concealing himself to avoid service. *See Aaro v. Tri Star Freight Sys., Inc.*, No. 1:24-cv-0270 KG/GBW, 2025 WL 1455952, at *3–5 (D.N.M. May 21, 2025).

Here, Plaintiffs seek monetary damages arising from a motor vehicle collision. (*See* Doc. 1 at 21.) These claims are *in personam*, as they seek monetary damages from Burrell rather than relief directed at specific property.[2] Because the hallmark element of *in rem* or *quasi in rem* jurisdiction is

[2] *In rem* and *quasi in rem* actions involve the court exercising authority over a specific "res," typically property located within the jurisdiction. *See Aaro*, 2025 WL 1455952, at *5 (explaining that service by publication is generally limited to actions in which the court asserts control over a defendant's property, and that *in personam* actions seeking monetary relief require a showing of concealment) (citing *Chapman v. Farmers Ins. Grp.*, 558 P.2d 1157 (N.M. Ct. App. 1976)); *see also Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("If jurisdiction is based on the court's power over property within its territory, the action is called 'in rem' or 'quasi in rem.'").

absent, Plaintiffs must demonstrate either that Burrell is concealing himself to avoid service or that his whereabouts cannot be ascertained despite diligent efforts. *See* NMRA 1-004(K).

As discussed above, Plaintiffs have not yet exhausted the sequential methods of service required under NMRA 1-004(F), nor have they alleged facts indicating concealment. Accordingly, the Court cannot authorize service by publication at this time.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Service by Publication (Doc. 21) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE